### TOLEDO v. FIDELIA McNAMARA.

1. DEFINITION OF ORDINARY CARE APPLIES TO A CLASS RATHER THAN TO AN INDIVIDUAL.

   The accepted definition of ordinary care, that it is that degree of care which a person of ordinary prudence would use under like circumstances and conditions, applies to a class rather than to a particular individual, and a judgment will not be disturbed on the ground that the use of this definition of ordinary care in the charge of the court was unfair to the plaintiff in that particular case.

2. RESOLUTION REQUIRING STREET CARS TO STOP AT CERTAIN PLACES NOT CONTROLLING ON PASSENGERS.

   Inasmuch as an ordinance providing that street cars shall stop on the further cross walk is a requirement which applies to the street car company, and in no way controls passengers in boarding or alighting from cars, it is not error to exclude such an ordinance in an action against a municipality for damages on account of injuries to the plaintiff from stepping into a hole in the street after alighting from a car.

3. NOT NEGLIGENCE PER SE TO ALIGHT FROM STREET CAR AT SAFETY STOP.

   It is not negligence *per se* for a passenger to alight from a street car which has made a safety stop, but has not yet reached its regular place for stopping.

**KINKADE, J.**

We have examined with care every assignment of error that is made in this case, and without attempting to refer to them in the order in which they were made, I will say that we think the petition states a cause of action, especially as it is amended. We think it sufficiently states that the city had time to know of this defect, and had time to remedy it after it knew of it. We think that the petition is sufficient in that regard.

On the questions of error, we find no error in the refusal to charge requests Nos. 1 and 2 before argument, neither do we find any error in the refusal to give Nos. 1 and 2 after argument. No. 3 after argument was given. The point is made that the court has erroneously stated the definition of ordinary care. The same point has been made in another

case that we have heard here, and after the fullest consideration of it I want to say to counsel that we think that the point is not well taken. We find in almost every decision of the Supreme Court we have examined, with one exception, that this language is found in defining ordinary care, viz., that it is such care as a person or ordinary care and prudence uses under the same or similar circumstances, referring evidently to a class instead of to an individual man, and we think the argument that this is unfair to the plaintiff in error for the reason that in the jury room one juror might say:

"Now the court has said that this ordinary care is the care which a man or ordinary prudence would exercise under the same or similar circumstances. Now I am a man of ordinary prudence and care and in this case I would have done precisely as the plaintiff did here, and therefore under the charge of the court you should vote with me and return a verdict."

We think the other eleven, if not agreeing with him, would probably say to him:

"The court stated that it was the kind of care that a man of ordinary care and prudence would use under like circumstances, and we are likewise also men of ordinary care and prudence, and we conclude that you are not a man of ordinary care and prudence if you say you would do that."

I think the other eleven would point out to him that he didn't fall in the class, and point it out very quickly. At any rate it seems to us that it is entirely too close to say that the trial court, who has charged the jury that ordinary care is the care that a man of ordinary care and prudence is accustomed to exercise under the same or similar circumstances, is stating the rule erroneously. We think the rule is fairly stated and the jury could not have been misled in that regard.

We have also examined this charge of Judge Kumler with care as to the notice and the time within which the city could repair after notice and so forth, and we think if counsel will re-read it they must agree that this charge fairly states the law upon all points in this case. We fail to see anything wrong in the charge of the court in this regard.

It is said that the court was wrong in not permitting ordinances to be introduced in evidence, or rather permitting them to be first introduced and then excluding them from the consideration of the jury; the ordinances relating to the stopping of street cars, that the car must be stopped on the further crosswalk, and that the defendant was entitled to have that evidence in and have it considered in connection with

Toledo v. McNamara.

the contributory negligence alleged as to the plaintiff in the case. We think there would have been no error in excluding the evidence when first offered, and there was no error in withdrawing it. It is not material here. It was a requirement by the city as to where cars should stop, if it is anything. It certainly had nothing to do with the plaintiff. It did not pretend to control the conduct of parties in getting on and off a car. We call attention also to the fact that there is nothing in this bill of exceptions to show that these ordinances were in effect at the time they were offered in evidence. The title of the two ordinances is given, and a resolution to codify is given, and the date of the ordinance is given, the date when it was read in evidence; but when it was passed, or whether it is in effect at this particular time, does not appear. We think it is a matter of no moment anyway. We would hold that the court was justified in excluding it.

It is said that the plaintiff having left the car at a safety stop instead of the regular stop, and stepped off in the street, must take the consequences, or, as one of the requests says, "she assumed the risk of whatever that happened to her," whatever that may be. We think this cannot be the law.

The Supreme Court has said in one case, *Ashtabula Rapid Trans. Co. v. Holmes,* 67 Ohio St. 153 [65 N. E. Rep. 877], that if a car stops any place, comes to a full stop, and a party is attempting to alight, that it would be negligence on the part of the street car company to start the car before the party had an opportunity to alight. Of course that is not decisive of this question, but we call attention to the language used by the court in the opinion in that case. We think if a car comes to a full stop, any place, standing still long enough so that a party is without any danger to himself in the act of getting off, he may get off the car, if it is more convenient for the purposes he has in mind for him to alight at that point than to ride to a cross street and alight there and walk back. A car might stop in a very long block in the middle, might stop by reason of a loaded wagon going in front of it, or the power giving out, or for any one of a number of causes which might be mentioned, immediately in front of a man's house, and it does not seem reasonable to hold that unless he stays on the car and rides down to the crosswalk and gets off there and walks back, that he must assume all defects that he finds in the street and if he is injured he cannot recover. We think that is not the law. We think the party here had right, if this car came to a full stop long enough to allow her to alight from the car, and

Lucas County.

she saw fit to do so, to alight from the car wherever that car may have been.

The question arises as to the sufficiency of the evidence in the case. We have read that and read it with a good deal of care. The verdict is not so clearly against the evidence in this case as to justify a reversal on that ground. We find no prejudicial error in the case, and the judgment of the court of common pleas will be affirmed.

**Parker** and **Wildman, JJ.,** concur.

---

## DAMAGES—FALSE IMPRISONMENT—NEW TRIAL.

[Hamilton (1st) Circuit Court, June 5, 1909.]

Giffen, Swing and Smith, JJ.

Eᴅᴡᴀʀᴅ Sɪᴍᴘᴇʀ ᴠ. Lɪʟʟɪᴇ Cᴀʀʀᴏʟʟ.

1. Nᴇᴡʟʏ Dɪsᴄᴏᴠᴇʀᴇᴅ Eᴠɪᴅᴇɴᴄᴇ ɴᴏᴛ ᴘᴇʀ sᴇ Gʀᴏᴜɴᴅ ғᴏʀ Nᴇᴡ Tʀɪᴀʟ.

   Newly discovered evidence, if cumulative only, or such as might have been discovered with reasonable diligence, is not available as a ground for a new trial.

2. Nᴀᴛᴜʀᴀʟ ᴀɴᴅ Pʀᴏʙᴀʙʟᴇ Cᴏɴsᴇǫᴜᴇɴᴄᴇs ᴏғ Aʀʀᴇsᴛ Aᴛᴛʀɪʙᴜᴛᴀʙʟᴇ ᴛᴏ Oɴᴇ Cᴀᴜs-ɪɴɢ ɪᴛ.

   One causing the arrest of another is bound by the statements and conduct of police in her presence while so detained, especially if it was the natural and probable consequence thereof.

3. Cᴏᴍᴘᴇᴛᴇɴᴄʏ ᴏғ Tᴇsᴛɪᴍᴏɴʏ ᴏғ Wᴏᴍᴀɴ Aʀʀᴇsᴛᴇᴅ ᴀs ᴛᴏ Eғғᴇᴄᴛ ᴏɴ Hᴇʀ Mᴇɴᴛᴀʟ ᴀɴᴅ Nᴇʀᴠᴏᴜs Cᴏɴᴅɪᴛɪᴏɴ.

   In an action for damages for the false arrest of a woman her testimony as to the effect on her mental and nervous condition is competent evidence.

4. Mᴏᴛɪᴠᴇ Pʀᴏᴍᴘᴛɪɴɢ Lɪᴛɪɢᴀᴛɪᴏɴ Iᴍᴍᴀᴛᴇʀɪᴀʟ Pʀᴏᴠɪᴅɪɴɢ Fᴀᴄᴛs ᴏɴ ᴡʜɪᴄʜ Bᴀsᴇᴅ· ᴀʀᴇ Sᴜғғɪᴄɪᴇɴᴛ.

   The facts upon which an action for false arrest is based being sufficient, the motive prompting the litigation is immaterial.

5. Vᴇʀᴅɪᴄᴛ ᴏғ $500 ғᴏʀ Fᴀʟsᴇ Aʀʀᴇsᴛ ᴏғ Wᴏᴍᴀɴ Rᴇᴅᴜᴄᴇᴅ $200.

   In an action for damages for the false arrest of a woman and search of her person by police officers, a verdict in the sum of $500, in the absence of malice is excessive, for which a remittitur of $200 will be ordered.

Eʀʀᴏʀ to Hamilton common pleas court.

The defendant in error, plaintiff below, examined some rings at the jewelry store of Edward Simper with the view of purchase, as he was led to believe. Before she left the store it was discovered that one of the rings was missing. What was said when this discovery was made led to a demand on the part of the woman, as Simper claimed, that she